## Ward's Estate

Before Lamorelle, P. J., and Gest, Van Dusen, Stearne, and Sinkler, JJ.

*Raymond M. Remick,* of *Saul, Ewing, Remick & Saul,* for exceptant.

*Eric A. McCouch* and *J. Lee Patton,* contra.

SINKLER, J., October 26, 1934.—The meaning of the testator as expressed in the twenty-first and thirty-second paragraphs (the latter designated as 22) of his will is manifest. If his friend Louis DuHadway shall become his executor, the legacy of $10,000 "shall be in lieu of *all* executor's commissions to which he shall be entitled" (the italics are mine). DuHadway qualified as executor, has partially administered the estate and has, ratably with the other legatees, received part payment of his legacy. He now claims commissions upon income collected in addition to his legacy and occasioned by unforeseen delay in final settlement of the estate.

The auditing judge properly refused his claim.

When he qualified as executor, he agreed in effect to accept $10,000 in payment of *all* commissions—whether upon principal or income. By making payment to himself on account of his legacy, he affirmed his acceptance. Whether his labors as executor proved to be unusually light or exceptionally onerous, his compensation is fixed at $10,000 by the testator and by his acceptance of the office.

The exceptions are dismissed and the adjudication is confirmed absolutely.